IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| James M. Tennant, | ) | Civil Action No. 2:12-370-RMG-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| City of Georgetown, a Municipal Corporation; Brendon M. Barber, Sr., in his individual and official capacity; Jack M. Scoville, Jr., individual and official capacity; Cindy Howard, in her individual and official capacity; Ann Mercer, in her individual and official capacity; and Paul Gardner, in his individual and official capacity, | ) ) ) ) ) ) ) ) ) ) | **ORDER and REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Defendants. | | |

This matter is before the Court on the defendants' motion to stay and to compel arbitration. [Doc. 10.] The plaintiff has responded [Doc. 13] and filed a separate motion for hearing on the matter [Doc. 19]. The defendant has replied. [Doc. 18.]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters involving litigation by individuals proceeding *pro se* are referred to a United States Magistrate Judge for consideration.

**DISCUSSION**

The dispute between the parties is subject to an arbitration provision of a previously executed settlement agreement [Docs. 10-3, 10-4], which the defendants seek to enforce now. About that, there is no dispute – that the agreement exists. The arbitration provision

was previously and unsuccessfully challenged by the plaintiff in the case it resolved, *Tennant v. Georgetown County*, 2:04-0093-CWH (D.S.C. 2004), and before the district court.  *Id.* at [Doc.240].

The only challenge the plaintiff raises against its enforceability, here, is that the arbitration provision does not give aesthetic notice in the way prescribed by South Carolina Statute.  *See* S.C. Code § 15-48-10(a).  Section 15-48-10(a) states, "Notice that a contract is subject to arbitration pursuant to this chapter shall be typed in underlined capital letters, or rubber-stamped prominently, on the first page of the contract and unless such notice is displayed thereon the contract shall not be subject to arbitration."  *Id.*  The South Carolina Supreme Court, however, has already and expressly ruled that Section 15-48-10 does not apply when an arbitration agreement is subject to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16.  *See Soil Remediation Co. v. Nu-Way Envtl., Inc.*, 476 S.E.2d 149, 152 (1996); *see also Blanton v. Stathos*, 570 S.E.2d 565, 568 (S.C. Ct. App. 2002).

As an initial jurisdictional consideration, a "petition to compel arbitration may be filed in federal court only if subject matter jurisdiction (federal question, admiralty, or diversity) otherwise exists with regard to the underlying controversy."  *See Republic Bank & Trust Co. v. Kucan,* 245 Fed. Appx. 308, 312 (4th Cir. 2007).  There is no doubt that this case, and the prior one, were brought pursuant to 28 U.S.C. § 1331, invoking this Court's federal question jurisdiction. [See Doc. 25]; *Tennant*, 2:04-0093-CWH at [Doc. 1 at ¶ 223].  The plaintiff does not argue to the contrary – that federal jurisdiction is wanting for the underlying controversy.  The matter still persists, however, as to whether the FAA controls over state

2

law.

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, reflects "a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Underlying this policy is Congress' view that arbitration constitutes a more efficient dispute resolution process than litigation. *See Hightower v. GMRI, Inc.*, 272 F.3d 239, 241 (4th Cir.2001). Accordingly, "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself must be resolved in favor of arbitration." *Volt Info. Sciences, Inc. v. Bd. of Tr. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 475-76 (1989). The Fourth Circuit has said that arbitration "'should not be denied unless it may be said with positive assurance that the arbitration [agreement] is not susceptible of an interpretation that covers the asserted dispute.'" *Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.*, 867 F.2d 809, 812 (4th Cir.1989) (quoting United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960)).

In the Fourth Circuit, a litigant can compel arbitration under the FAA if it can demonstrate "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute." *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir.1991).

It does not appear that the defendant can satisfy the third element. The FAA applies in federal or state court to any arbitration agreement regarding a transaction that "in fact"

3

involves interstate commerce, regardless of whether or not the parties contemplated an interstate transaction. *See Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265 (1995); *Soil Remediation Co.*, 476 S.E.2d 149; *see also Osborne v. Marina Inn at Grande Dunes, LLC*, 2009 WL 3152044 (D.S.C. 2009); *Munoz v. Green Tree Financial Corp.*, 542 S.E.2d 360 (S.C. 2001).

The test, therefore, is whether the transaction, at issue, "in fact" involved interstate commerce and not whether interstate commerce was contemplated at the time of the arbitration agreement or was somehow at issue when the agreement was originally made. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 278-79, 281-82 (1995). So, here, the relevant consideration, is not the circumstances of the original lawsuit, for which the settlement agreement was executed, but those circumstances that have given rise to the applicability of the FAA now, in this case. In making this determination, the Court looks at relevant factors, including the parties' diversity of citizenship and the nature of the parties' businesses. *See id.* at 282; *Baer v. Terminix Intern. Co., Ltd. P'ship.*, 975 F.Supp. 1272, 1278 (D. Kan.1997).

The Court does not see the interstate nature of this case. It is of local concern, literally. The plaintiff contends that a verbal altercation at a city council meeting violated his constitutional rights in various respects as well as a later incident at city hall. (See Compl. at 5-12.) The Court does not see how the allegations, if true, could be considered even to have "affected" commerce. *See Dobson*, 513 U.S. at 275. The plaintiff alleges that certain of the defendants threatened an assault against him with "fighting words" at a city council

meeting. (Compl. ¶ 17.) He also contends that he was not permitted to view documents at city hall, requested pursuant to the SC Freedom of Information Act. *Id.* ¶ 28. All of the parties are from South Carolina and apparently the City of Georgetown, in particular. *Id.* This is simply not an instance where the provision of services, transport of employees, or the transfer of money across state lines is at issue. *See, e.g., Maxum Foundations, Inc. v. Salus Corp.*, 779 F.2d 974, 978 n.4 (4th Cir. 1985) (involving a transaction between the parties which necessitated the interstate transportation of materials and workers); *see also Soil Remediation Co. v. Nu-Way Environmental, Inc.,* 476 S.E.2d 149, 152 (S.C. 1996) (involving disposal of waste in North Carolina thereby creating an interstate nexus). In today's globalized economy and internationalized , if such an interaction as is alleged, here, does not fall outside the ambit of the FAA, none might.

Accordingly, the FAA should not apply or preempt the demands of Section 15-48-10. Thus, if the arbitration agreement signed by the parties fails to comply with that Section, then no arbitration should be compelled. As indicated, Section 15-48-10 requires that notice of an arbitration provision be made in "underlined capital letters, or rubber-stamped prominently, on the first page of the contract . . . ." S.C. Code § 15-48-10(a). Although on the first and only page of the agreement, no notice is given, underlined, stamped or otherwise. [See Docs. 10-3, 10-4.] This deficiency has been found, repeatedly and strictly, fatal to any attempt to enforce an arbitration provision. *See Richland Horizontal Property Regime Homeowners Ass'n, Inc. v. Sky Green Holdings, Inc.*, 708 S.E.2d 225 (S.C. Ct. App. 2011); *Soil Remediation Co.,* 476 S.E.2d at 151.

The Court disagrees that the plaintiff abandoned, by not raising in the prior case, any objection, based on Section 15-48-10, to the arbitration notice in the agreement. As discussed, the applicability of the FAA, and concomitantly Section 15-48-10, to any particular transaction, however, will be fact specific. The arbitration provision is not on its face unenforceable, subject to challenge. If interstate commerce were affected, the FAA would preempt the state requirement, and arbitration would be required. The plaintiff could not have raised the issue until now.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the defendants' motion to stay and to compel arbitration [Doc. 10] should be DENIED.

IT IS SO RECOMMENDED.

                                                    s/Bruce Howe Hendricks
                                                    United States Magistrate Judge

August 31, 2012
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).