IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC

2012 OCT 31  P 12: 25

James M. Tennant,                          )
                                           )
                    Plaintiff,             )        Civil Action No.: 2:12-370-RMG
                                           )
v.                                         )
                                           )              **ORDER**
City of Georgetown, a Municipal            )
Corporation; Brendon M. Barber, Sr., in    )
his individual and official capacity; Jack )
M. Scoville, Jr., individual and official  )
capacity; Cindy Howard, in her             )
individual and official capacity; Ann      )
Mercer, in her individual and official     )
capacity; and Paul Gardner, in his         )
individual and official capacity,          )
                                           )
                    Defendants.            )
_____ )

This matter is before the Court on Defendants' motion to stay and compel arbitration. (Dkt. No. 10). As explained herein, the Court adopts the Magistrate's Report and Recommendation and therefore denies Defendants' motion.

### Background

On February 8, 2012, Plaintiff James M. Tennant ("Plaintiff") filed a *pro se* Complaint alleging, *inter alia*, violations of his civil rights under 42 U.S.C. § 1983. As a result, this case was automatically referred to a United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. On April 5, 2012, Defendants filed a motion to stay and to compel arbitration arguing that in a previous settlement agreement the Plaintiff agreed to arbitrate future claims against the City of Georgetown. (Dkt. No. 10). Plaintiff responded on April 23, 2012 alleging that the previous arbitration agreement does not conform to South Carolina law and is thus fatally flawed. (Dkt.

No. 13).  On August 31, 2012, the Magistrate Judge issued a Report and Recommendation recommending that Defendants' motion to stay and to compel arbitration be denied.  (Dkt. No. 43).  On September 17, 2012, the Defendants filed an objection to the Report and Recommendation. (Dkt. No. 46).  Plaintiff then filed a reply on October 3, 2012. (Dkt. No. 48).

## Law/Analysis

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made.  Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

South Carolina law states: "[n]otice that a contract is subject to arbitration pursuant to this chapter shall be typed in underlined capital letters, or rubber-stamped prominently, on the first page of the contract and unless such notice is displayed thereon the contract shall not be subject to arbitration." S.C. Code § 15-48-10(a).  However, the South Carolina Supreme Court has ruled that § 15-48-10(a) does not apply when an arbitration agreement is subject to the Federal Arbitration Act ("FAA"). *See Soil Remediation Co. v. Nu-Way Envtl. Inc.,* 476 S.E.2d 149, 152 (S.C. 1996).  In the Fourth Circuit, a litigant can compel arbitration under the FAA if it can demonstrate "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the

2

failure, neglect or refusal of the defendant to arbitrate the dispute." *Whiteside v. Teltech Corp.,* 940 F.2d 99, 102 (4th Cir. 1991).

After reviewing the record of this matter and the applicable law, the Court adopts the conclusion of the Magistrate Judge. The settlement agreement that gives rise to the instant case plainly does not satisfy § 15-48-10(a). No language indicating that an arbitration agreement is present exists on the first page of the contract, nor is notice of an arbitration agreement rubber-stamped onto the contract. (Dkt. No. 10-3). Therefore, for the Defendants to overcome the required state law provisions for a valid arbitration agreement and compel arbitration, they must show that the FAA controls in this case.

The Magistrate held the FAA does not apply in this case because the current controversy between the parties is purely a local matter and has no relationship with interstate commerce. (Dkt. No. 43). Defendants argue, however, that the proper transaction to analyze in this case is the prior dispute that gave rise to the settlement agreement, not the current intrastate controversy. (Dkt. No. 46). The Court finds that the Magistrate properly applied the law to this case to hold that it is the current dispute, rather than the prior dispute, which must be analyzed to determine the applicability of the FAA. As stated by the Magistrate, "[t]he test . . . is whether the transaction at issue 'in fact' involved interstate commerce and not whether interstate commerce was contemplated at the time of the arbitration agreement or was somehow at issue when the agreement was originally made." (Dkt. No. 43 at 4) (*citing Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 278-79, 281-82 (1995)). The Court agrees with the Magistrate that the current dispute "in fact" involves purely local concerns and therefore the FAA does not apply.

## Conclusion

After a thorough review of the record, the Magistrate's Report and Recommendation, and the relevant case law, the Court adopts the Magistrate's Report and Recommendation and **DENIES** Defendants' motion to stay and compel arbitration (Dkt. No. 10).

**AND IT IS SO ORDERED.**

The Honorable Richard Mark Gergel
United States District Court Judge

October 31, 2012
Charleston, South Carolina